## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAVID KELLEY, JR.                                        *
5025 Ivory Walters Lane
Washington, D.C. 20019                                   *

      and                                                *

DARAL SMITH                                              *
16730 Claggett Landing Road
Upper Marlboro, Maryland 20774                           *

      and                                                *

PHYLLIS COVINGTON                                        *
2609 Douglass Road, S.E.
Apt. 401                                                 *
Washington, D.C. 20020
                                                         *
      and
                                                         *
WILLIAM P. BROOKE, JR.
1617 21st Place, S.E.                                    *
Apt. 104
Washington, D.C. 20020                                   *

      and                                                *

DWAYNE HINES                                             *
1390 Bryant Street, N.E.
Washington, D.C. 20018                                   *

        Plaintiffs,                                    *

      v.                                                 *

NITELINES USA, INC.                                      *
3883 Rogers Bridge Road
Suite 202A                                               *
Duluth, Georgia 30097
                                                         *

Serve on:                                          *
    H. L. McGlockton, III
    Resident Agent                                 *
    950 Scales Road
    Bldg. 200, Suite 203                            *
    Suwannee, Georgia  30026
                                                    *
Defendant.
                                                    *
                    *****************************

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiffs, David Kelley, Jr., Daral Smith, Phyllis Covington, William P. Brooke, Jr. and

Dwayne Hines, by their attorneys, J. Kenneth Kruvant, Law Offices of J. Kenneth Kruvant, and

Joseph B. Espo, Brown, Goldstein & Levy, LLP, sue defendant Nitelines USA, Inc. and state:

## I. INTRODUCTION

1.      Plaintiffs bring this case as a representative action against Defendant under federal

law pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* on behalf of

themselves and all other similarly situated current and former employees of Defendant Nitelines

USA, Inc. who worked at the Washington, D.C. Veterans Administration Medical Center

(Defendant's "D.C. V.A. location" or "D.C. V.A.") for, *inter alia*, unpaid overtime wages,

liquidated damages and attorneys' fees and costs.

2.      Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 by

Plaintiffs on behalf of themselves and all other similarly situated current and former employees

of Defendant's D.C. V.A. location under the D.C. Minimum Wage Revision Act, D.C. Code

Ann. § 32-1001 *et seq.* and the D.C. Wage Payment Act, D.C. Code Ann. § 36-101 *et seq*, breach

of contract and unjust enrichment.

2

## II. JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over Plaintiffs' District of Columbia law class claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).  The events giving rise to Plaintiffs' claims occurred within this judicial district.  Defendant carried on a regular course of business within this judicial district and is subject to personal jurisdiction here.

## III. PARTIES

5.      Plaintiff David Kelley, Jr. lives in Washington, D.C.  He worked for Defendant between approximately July 2007 and the termination of Nitelines contract to provide radiation technologists to the D.C. V.A.  Plaintiff often worked in excess of 40 hours per-week but did not receive overtime pay at the rate of one and one-half times his regular hourly compensation as required by state and federal wage laws.  Additionally, Plaintiff was incorrectly classified as an "independent contractor" instead of an employee of Defendant.

6.      Plaintiff Daral Smith lives in Upper Marlboro, Maryland.  He worked for Defendant between approximately July 2007 and July 2010.  Plaintiff often worked in excess of 40 hours per-week but did not receive overtime pay at the rate of one and one-half times his regular hourly compensation as required by state and federal wage laws.  Additionally, Plaintiff was incorrectly classified as an "independent contractor" instead of an employee of Defendant.

7.      Plaintiff Phyllis Covington lives in Washington, D.C.  She worked for Defendant between approximately July 2007 and April 2011.  Plaintiff often worked in excess of 40 hours per-week but did not receive overtime pay at the rate of one and one-half times her regular hourly

3

compensation as required by state and federal wage laws. Plaintiff also was not paid shift differential premiums promised to her as part of her employment. Additionally, Plaintiff was incorrectly classified as an "independent contractor" instead of an employee of Defendant.

8.      Plaintiff William P. Brooke, Jr. lives in Washington, D.C. He worked for Defendant between approximately July 2007 and March 2011. Plaintiff often worked in excess of 40 hours per-week but did not receive overtime pay at the rate of one and one-half times his regular hourly compensation as required by state and federal wage laws. Additionally, Plaintiff was incorrectly classified as an "independent contractor" instead of an employee of Defendant.

9.      Plaintiff Dwayne Hines lives in Washington, D.C. He worked for Defendant between approximately July 2007 and March 2011. Plaintiff often worked in excess of 40 hours per-week but did not receive overtime pay at the rate of one and one-half times his regular hourly compensation as required by state and federal wage laws. Plaintiff also was not paid extra compensation promised to him for being available by beeper for emergencies. Additionally, Plaintiff was incorrectly classified as an "independent contractor" instead of an employee of Defendant.

10.      Pursuant to 29 U.S.C. § 216(b), all of the above-named Plaintiffs who have overtime claims have consented in writing to being Plaintiffs in this action.

11.      Defendant Nitelines USA, Inc. is incorporated in and has its headquarters in the state of Georgia. Defendant employed Plaintiffs and similarly situated employees as radiation technologists and other positions that should have been classified as hourly, non-exempt workers. Instead, Defendant knowingly misclassified Plaintiffs as independent contractors.

4

12.     At all times relevant to this Complaint, Defendant has been an enterprise engaged in interstate commerce within the meaning of the FLSA, and the employer of the Plaintiffs within the meaning of the FLSA, the District of Columbia Minimum Wage Revision Act and the District of Columbia Wage Payment and Wage Protection Act.

## IV.  STATEMENT OF FACTS

13.     Nitelines USA, Inc. is a medical staffing agency for federal health care facilities including, during the relevant times of this Complaint, the D.C. V.A.  In its business Nitelines is paid by the hospitals where it places workers and, in turn, Nitelines pays its employees for their services.

14.     From July 2007 to June 2011 Nitelines had a contract to provide certain hospital workers to the D.C. V.A.

15.     During the time it had the contract with the D.C. V.A.  Nitelines employed Plaintiffs and other non-exempt employees similarly situated to Plaintiffs at the D.C. V.A.

16.     While Plaintiffs were employed by Defendant it had a policy and practice of failing to compensate their employees at the rate of 1 ½ their regular hourly rate for work performed in excess of 40 hours per-week.

17.     While Plaintiffs were employed by Defendant it had a policy and practice of mis-classifying them as independent contracts instead of employees, to avoid their statutory obligations to compensate employees at the rate of  1 ½ times their regular rate for overtime.  In fact, each of the named Plaintiffs was a statutory employee of Nitelines.

5

18.     During the time Plaintiffs were employed by Nitelines, Defendant had complete control over the manner in which Plaintiffs performed their work and they performed work that was integral to Defendant's operations.

19.     During their employment by Nitelines Plaintiffs had no opportunity to earn profits or losses and made no investment in their work.  Instead, Plaintiffs reported to the hospital where they were employed on a daily basis and performed those services they were directed to supply.

20.     When at least some of the Plaintiffs first worked for Nitelines they were properly classified as employees and only later had their status changed to that of "independent contractor."

21.     Nitelines also failed to pay certain Plaintiffs night premium pay and on-call pay it promised to its employees.

## V.  CLASS ACTION ALLEGATIONS UNDER DISTRICT OF COLUMBIA LAW

22.     Plaintiffs bring this action for Counts II and III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following class:

> all persons employed by Nitelines, USA as non-exempt hourly workers, including those mischaracterized as independent contractors at the D.C.V.A. at any time from July 20, 2009 to the present (the "District of Columbia Class").

23.     On information and belief Nitelines entered into a contract with the United States Department of Veterans Affairs in which it collected compensation as if it were paying overtime wages at the rate of 1 ½ of the regular rate paid to individuals placed in the D.C. V.A.

24.     On information and belief the members of the proposed class are so numerous that joinder of all members is impractical.

6

25.     Plaintiffs will fairly and adequately represent and protect the interest of the proposed class because there is no conflict between the claims of the Plaintiffs and those of the proposed class, and Plaintiffs' claims are typical of the claims of the proposed class members. Plaintiffs' counsel are competent and experienced in litigating complex litigation matters.

26.     There are questions of law and fact common to the proposed class, which predominate over any question affecting only individual members of the proposed classes, including: whether Nitelines violated the District of Columbia Minimum Wage Revision Act through its policy or practice of not paying employees at the rate of 1 ½ times their regular hourly rate; whether Nitelines misclassified employees as independent contractors; and whether Nitelines was unjustly enriched by collecting on its contract as if it were properly paying overtime to its employees.

27.     Plaintiffs' claims are typical of the claims of the proposed classes in the following ways:  1) Plaintiffs are members of the proposed classes; 2) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the proposed classes; 3) Plaintiffs' claims are based on the same legal and remedial theories as those of the proposed classes and involve similar factual circumstances; 4) there are no conflicts between the interests of the named Plaintiffs and the class members; and 5) the injuries suffered by the named Plaintiffs are similar to the injuries suffered by the proposed class members.

28.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the proposed classes.

29.      Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The proposed class is readily identifiable from Defendant's own employment records.  Prosecution of separate actions by individual members of the proposed classes would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed classes that would establish incompatible standards of conduct for Defendant.

30.      A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for many of the proposed class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

31.      Without a class action, Defendant will likely retain the benefit of their wrongdoing and will continue an illegal course of action, which will result in further damages to Plaintiffs and the proposed classes.  Plaintiffs envision no difficulty in the management of this action as a class action.

## VI. <u>COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA</u>

32.      This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages (or, alternatively, interest),

8

and attorneys' fees and costs under the FLSA.  In addition to Plaintiffs, numerous current and

former employees are similarly situated to Plaintiffs with regard to their claims for unpaid wages

and damages, in that they have been denied proper compensation, including overtime

compensation, at some point during the three years prior to the filing of this Complaint.

33.     Plaintiffs are representative of those other current and former employees and are

acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

34.     Members of the Class are similarly situated, as they have substantially similar job

requirements and provisions and are subject to a set of common practices, policies and/or plans

that require or permit them to perform work, in the form of spending time or conducting

activities for the benefit of Defendant, which are not compensated pursuant to the FLSA.

35.     Plaintiffs will fairly and adequately represent and protect the interests of the

members of the Class.  Plaintiffs have retained counsel competent and experienced in complex

employment class action and collective action litigation.

36.     Defendant's failure to pay Plaintiffs and the Class their lawful wages was and is

willful.  Defendant knew or should have known that its conduct was unlawful and/or showed

reckless disregard for the matter of whether its above-described conduct was prohibited by law.

37.     Despite its knowledge that time spent by Plaintiffs and the Class, as described

above, was compensable time at overtime rates under both state and federal law, Defendant has

refused to fully compensate workers at the D.C. V.A. properly.

38.     These similarly situated employees are known to Defendant and are readily

identifiable, and may be located through Defendant's records.  These similarly situated

employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C.

§ 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT
(Failure to Pay Overtime Compensation at 1 ½ Times Employees' Regular Pay:
All Plaintiffs v. Nitelines USA, Inc. )

39.     Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

40.     Defendant violated the FLSA by knowingly failing to pay compensation to Plaintiffs at the rate of 1 ½ times their regular hourly rate for work performed in excess of 40 hours in a week in violation of 29 U.S.C. § 207(a)(1).

41.     Defendant's actions were willful.

42.     Defendant is therefore liable to Plaintiffs and all other similarly situated employees, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime premium compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II
## D.C. MINIMUM WAGE REVISION ACT
(Failure to Pay Overtime Compensation at 1 ½ Times Employees' Regular Pay:
All Plaintiffs v. Nitelines USA, Inc. )

43.     Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

44.     The foregoing conduct, as alleged, violated the Minimum Wage Revision Act ("DCMWRA") of the District of Columbia Code.

45.     At all relevant times, Defendant was an employer within the meaning of the DCMWRA.  Plaintiffs and the Class employees were employees within the meaning of the DCMWRA.

46.     As a result of Defendant's failure to pay overtime wages at the rate of 1 ½ times the regular hourly rate due to its non-exempt employees at the D.C. V.A., Defendant has violated the DCMWRA.

47.     Plaintiffs and the Class therefore seek damages in the amount of the unpaid overtime wages earned and due at the statutorily required 1 ½ of the regular hourly wages for all work in excess of forty hours per week, plus attorneys' fees and costs of this action, along with any other legal and equitable relief the Court deems just and proper.

**COUNT III**
**UNJUST ENRICHMENT**
(All Plaintiffs v. Nitelines USA, Inc.)

48.     Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

49.     By billing for and receiving compensation from the D.C. Veterans Administration Hospital for work in excess of 40 hours per week by its employees at the rate of 1 ½ times their regular hourly wages but failing to pay their employees that overtime premium Defendant was unjustly enriched.

50.     On information and belief, at all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by engaging in a scheme to misclassify its workers as independent contractors and to bill their customer for more than the labor costs Nitelines was incurring.

51.    By having collected premium pay for employees who did not receive premium pay Defendant realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and class members.

52.    Defendant regained and continued to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

53.    Therefore, Defendant's acceptance of this benefit without paying Plaintiffs and the Class for the full value of their services is inequitable.

54.    Plaintiffs and the Class are entitled to recover their reasonable value of their services, including all wages owed and all other damages arising out or Defendant's failure to pay Plaintiffs and the class for its services.

**COUNT IV**
**D.C. WAGE PAYMENT AND WAGE PROTECTION LAW**
(Plaintiffs Dwayne Hines & Phyllis Covington)

55.    Plaintiffs re-allege and incorporate the above paragraphs as though fully set forth herein.

56.    Plaintiff Phyllis Covington was promised a "night differential" for working the night shift at D.C. V.A. Despite its promises to do so Defendant failed to pay that night differential through the entire course of her employment.

57.    Defendant promised to pay Plaintiff Dwayne Hines extra compensation for being available by beeper for emergencies. Despite its promise to pay that on-call compensation, Defendant stopped paying the additional compensation, although Plaintiff was required to continue to provide emergency coverage.

58.     Te failure to pay Plaintiffs Hines and Covington their night differential and on-call pay violated the District of Columbia Wage Payment and Wage Protection Law ("DCWPWPL").

59.     Plaintiffs are entitled to recover the unpaid night differential and on-call payments, in addition to liquidated damages, interest, attorneys' fees and costs from Nitelines.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this court:

a.     Enter a declaratory judgment that Defendant violated Plaintiffs' rights under the FLSA and the DCMWRA;

b.     Enjoin Defendant to comply with all applicable federal and state wage laws;

c.     Award to each Plaintiff his or her unpaid wages, including overtime wages plus liquidated damages, as required by the FLSA and the DCMWRA;

d.     Award damages corresponding to the reasonable value of the services rendered to Defendant Nitelines whereby Defendant was unjustly enriched;

e.     Award to Plaintiffs their costs and attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b), and DCMWRA and DCWPCL; and

f.      Grant such other and further relief as the court may deem just and proper.

                                    Respectfully submitted,

                                    _____
                                    Joseph B. Espo, D.C. Bar No. 429699
                                    BROWN, GOLDSTEIN & LEVY, LLP
                                    120 E. Baltimore Street, Suite 1700
                                    Baltimore, Maryland 21202
                                    Tel:  410-962-1030
                                    Fax:  410-385-0869
                                    jbe@browngold.com

                                    J. Kenneth Kruvant, D.C. Bar No. 253260
                                    Law Offices of J. Kenneth Kruvant
                                    1100 Connecticut Ave. NW, Suite 550
                                    Washington, DC 20036
                                    Tel:  (202) 628-5550
                                    Fax:  (202) 463-1236
                                    jkkruvant@aol.com

                                    *Attorneys for Plaintiffs*

Dated:  July 19, 2012

14